**Carl E. DOSH, Petitioner,**

v.

**TRW/REDA PUMP, Own Risk and the Workers' Compensation Court, Respondents.**

**No. 72615.**

Supreme Court of Oklahoma.

April 30, 1991.

## MEMORANDUM OPINION

KAUGER, Judge.

The dispositive issue presented is whether pursuant to 85 O.S.1985 § 3(11),[1] in evaluating employment-related disability, a physician may deviate from the standards established by the *American Medical Association Guides to the Evaluation of Permanent Impairment* (AMA Guides/Guides).[2] In accordance with our pronouncement in *Branstetter v. TRW/REDA Pump,* 809 P.2d 1305 (Okla. 1991), we find that 85 O.S.Supp.1985 § 3(11) allows deviation from the AMA Guides only as the Guides expressly provide. Because the instant cause arose be-

---

1. Title 85 O.S.Supp.1985 § 3(11) provides in pertinent part:

"... Except as otherwise provided herein, any examining physician shall only evaluate impairment in accordance with the latest 'Guides to the Evaluations of Permanent Impairment' adopted and published by the American Medical Association. The examining physician shall not deviate from said guides except as may be specifically provided for in the guides. These officially adopted guides shall be the exclusive basis for testimony and conclusions with regard to permanent impairment with the exception of paragraph 3 of Section 22 of this title, relating to scheduled member injury or loss; and impairment, including pain or loss of strength, may be awarded with respect to those injuries or areas of the body not specifically covered by said guides."

Section 3(11) was amended effective September 1, 1990; however, the statute continues to provide that "The examining physician ... shall not deviate from said guides except as may be specifically provided for in the guides."

2. *We note that the issue of the constitutionality of the AMA Guides is not presented.* We also note that in those causes arising after the issuance of mandate in *Gaines v. Sun Refinery & Marketing,* 790 P.2d 1073, 1081 (Okla.1990), May 4, 1990, there will be no more "overs." This rule is necessary to preserve judicial economy, and to assure that there will be a meaningful end to litigation.

fore the issuance of mandate in *Gaines v. Sun Refinery & Marketing*, 790 P.2d 1073, 1081 (Okla.1990), it is remanded to the Workers' Compensation Court for a new trial.

## FACTS

On September 4, 1986, the petitioner, Carl E. Dosh (Dosh/employee), filed a form 3 with the Workers' Compensation Court. Dosh alleged that in his twenty-five years of employment with the respondent, TRW/REDA Pump (REDA Pump/employer) he was continuously exposed to solvents, paint fumes, hydraulic oil, coolant, carbon tetrachloride, and fumes from exhaust. He contended that, due to the exposure, he suffered reduced breathing capacity.

No medical testimony was presented at the hearing before the Workers' Compensation Court on June 2, 1988. However, both the employee and the employer presented depositions of examining physicians. The employer also presented a letter written by its examining physician, Dr. F. In the letter dated May 16, 1988, Dr. F. stated:

"... On review of this report, it is seen that this man's test performance on his pulmonary functions is 'Peak Flow depressed out of proportion to FEV 1. This can be due to poor test performance.'

In other words, this man was not trying his best on this test and this test is therefore not reliable ...

Since the AMA Guides do not make allowance or provisions for poor performance or lack of understanding or lack of cooperation on the spirometry tests, I feel then that the spirometry test is not reliable and therefore this report is in essential compliance with, 'Guides to the Evaluation of Permanent Impairment', the second edition, by the American Medical Association." [3]

Although the trial court found that Dosh suffered from an occupational disease, it did not find evidence of impairment. The Court of Appeals reversed finding that Dr. F's report was not competent, because it deviated from the AMA Guides. It remanded ordering judgment to be entered on behalf of the employee pursuant to *Perlinger v. J.C. Rogers Constr. Co.*, 753 P.2d 905, 907 (Okla.1988).

TITLE 85 O.S.SUPP.1985 § 3(11) ALLOWS DEVIATION FROM THE AMA GUIDES ONLY AS THE GUIDES EXPRESSLY PROVIDE.

In *Branstetter v. TRW/REDA Pump*, 809 P.2d 1305 (Okla.1991), the Court found that 85 O.S.Supp.1985 § 3(11) allows deviation from the AMA Guides only as the Guides expressly provide. In their respective pleadings filed with this Court on January 17, 1990, and February 8, 1990, the petitioner, Carl E. Dosh (Dosh/employee), and the respondent, TRW/REDA Pump (REDA Pump/employer), acknowledge that the issues presented are identical to those before the Court in *Branstetter*. *Branstetter* controls—pursuant to 85 O.S.Supp. 1985 § 3(11), an examining physician may deviate from procedures set forth in the AMA Guides only as the Guides expressly provide.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; ORDER OF TRIAL COURT VACATED; CAUSE REMANDED FOR NEW TRIAL.

LAVENDER, HARGRAVE, ALMA WILSON, SUMMERS, JJ., concur.

OPALA, C.J., concurring in result, I concur in the result for the reasons explained in *Branstetter v. TRW/REDA Pump*, 809 P.2d 1305 (Okla.1991), HODGES, V.C.J.

SIMMS, J., dissents.

---

**3.** The poor performance of the employee on the same test, FEV-1, is the identical reason given by the examining physician in *Branstetter v. TRW/REDA Pump*, 809 P.2d 1305 (Okla.1991) for deviation from the AMA Guides. In *Branstetter*, the unauthorized deviation resulted in the examining physician's report being found incompetent.