No. 92-008

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

AETNA LIFE INSURANCE COMPANY,
          Plaintiff and Respondent,

     -vs-

LAWRENCE EDWARD JORDAN; LAWRENCE EMMETT JORDAN, a/k/a
Larry Jordan, a/k/a Larry E. Jordan; HELEN K. JORDAN,
a/k/a Helen Jordan,
          Defendants and Appellants,

     and

FIRST NATIONAL BANK OF HYSHAM; The Partnership of MARV
HUISMAN, LES BROECK and DOUG STRANGELAND; CHUCK
KANANEN; and CENTRAL ELECTRIC SERVICE,
          Defendants.

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

               Craig D. Martinson, Attorney at Law, Billings,
               Montana

          For Respondent:

               John G. Crist, Dorsey & Whitney, Billings, Montana

          For Defendants:

               James A. Patten, Patten Law Firm, Billings, Montana
               Michael B. Anderson, Holland & Hart, Billings,
               Montana
               Timothy J. O'Hare, Attorney at Law, Lewistown,
               Montana
               James L. Stogsdill, Attorney at Law, Lewistown,
               Montana

Submitted on Briefs:  June 4, 1992

Decided: August 13, 1992

Filed:    AUG 13 1992

CLERK OF SUPREME COURT
STATE OF MONTANA
                                         Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Lawrence Edward Jordan, Lawrence Emmett Jordan and Helen K. Jordan appeal from an order of the Tenth Judicial District, Fergus County, in favor of Aetna Life Insurance Company. We affirm and remand.

The issues presented on appeal are:

1. Whether the District Court erred in granting summary judgment in favor of Aetna, without a hearing;

2. Whether the District Court erred in granting Lawrence Emmett Jordan and Helen K. Jordan occupancy of the house during the redemption period and in granting Aetna Life Insurance Company the income from the rented mortgaged premises during the redemption period; and

3. Whether the District Court erred in granting Aetna Life Insurance company the CRP payments from the mortgaged premises during the redemption period when Jordans, subsequent to the mortgage, assigned their interest to a third party.

On December 15, 1983, Lawrence Emmett Jordan and Helen K. Jordan, husband and wife, and Lawrence Edward Jordan (Jordans) executed a promissory note in the principal sum of $1,400,000, payable to Aetna Life Insurance Company (Aetna). The note was secured by a mortgage covering certain real property in Fergus County, Montana. Jordans executed a Mortgage Deed Security Agreement, and finance statement. The documents were recorded and filed with the Fergus County Clerk and Recorder on December 16, 1983.

The Jordans defaulted on the payment required under the Note and Mortgage. On July 3, 1985, Aetna brought an action to foreclose the Note and Mortgage against the Jordans. On June 30, 1987, the Jordans filed bankruptcy under Chapter 11, which stayed the foreclosure proceedings. A plan of reorganization was approved on April 3, 1989. The Jordans defaulted on the plan. Aetna amended their foreclosure complaint on November 3, 1990. Aetna filed a motion for summary judgment on May 24, 1991. On August 7, 1991, Aetna filed its motion requesting the order granting summary judgment. The District Court ruled in favor of Aetna. This appeal followed.

I

Whether the District Court erred in granting summary judgment in favor of Aetna, without a hearing.

The District Court granted Aetna's motion for summary judgment, entering judgment on August 13, 1991, two months after Aetna's motions and briefs were filed. The District Court was advised that the Jordans did not intend to file a response. Under Rule 2(b) of the Uniform District Court Rules, failure to provide an answer brief within ten days is deemed an admission that the motion is well taken. The District Court relied on Rule 2(b). The Jordan's contend that under Rule 56(c), M.R.Civ.P., a hearing must be held with a 10 day notice to the opposing party.

Rule 56(c), M.R.Civ.P., provides in part:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits . . .

Jordans rely on Cole v. Flathead County (1989), 236 Mont. 412, 771 P.2d 97, for the proposition that an oral argument is required for summary judgment unless it is specifically waived by all parties.

In Cole we held that the procedure to be followed on motions for summary judgment must conform to the provisions of Rule 56, M.R.Civ.P. Cole at 417, 771 P.2d at 100. In our discussion of the interplay between Rule 56, M.R.Civ.P., and Rule 2, Montana Uniform District Court Rules, we said:

> [T]he essential question for the District Court in deciding a motion for summary judgment either for the plaintiff or for the defendant is whether there exists a genuine issue of material fact. That inquiry does not admit of decision merely on a technical point, such as whether briefs have been filed on time.

Cole at 416, 771 P.2d at 100.

In the case before us, the District Court reviewed Aetna's motion and memorandum together with the supporting affidavits. The District Court found that the motion was properly supported by appropriate factual evidence, and that Aetna was entitled to summary judgment foreclosing the note and mortgage as a matter of law.

However, Jordans argue that a hearing is required under Rule 56, M.R.Civ.P. We stated in Cole that "under Rule 56(c), a hearing is contemplated from which the district court will consider not so much legal arguments, but rather whether there exists genuine issues of material fact." We went on to say that "a district court

4

may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied." Cole at 418, 771 P.2d at 101.

After the granting of the order of summary judgment the Jordans retained a different attorney. The new attorney filed several motions with the District Court and requested a hearing. A hearing was held before the District Court on November 1, 1991 on Jordans' motion for a new trial or in the alternative to alter or amend judgment and motion to stay proceedings.

During the hearing, the court stated that the Jordans did not raise any factual matters relevant to the issuance of the summary judgment, and Jordans admitted in their brief in support of such motions there was no fact questions of whether or not Jordans were in default on the terms of their note and mortgage. Questions of fact raised by Jordans in the hearing only related to post judgment proceedings or amendments to the judgment, such as the use of the property, rights to rents and profits from the property, government payments, and valuation of the property for deficiency purposes. Thus, the court believed that a hearing on raising genuine issues of material fact relative to the motion for summary judgment, was waived, and in its order of November 15, 1991 denying such motions, reinstated the August 13, 1991 order granting summary judgment.

5

We conclude that the District Court was correct in reinstating the order of summary judgment to Aetna. We affirm the District Court on this issue.

II

Whether the District Court erred in granting Lawrence Emmett Jordan and Helen K. Jordan occupancy of the house during the redemption period, and in granting Aetna Life Insurance Company the income from the rented mortgaged premises during the redemption period.

The District Court concluded that the purchaser at the auction would be entitled to immediate possession of the balance of the mortgaged property from and after the date of sale, but that the Jordans would be entitled to possession of the residence. During the November 1, 1991 hearing, Lawrence Edward Jordan testified that his parents, Lawrence Emmett Jordan and Helen K. Jordan, currently resided on the foreclosed property. He testified they had lived on the property for 45 years. He also testified that the ranch had been one unit since the 1930's. Section 71-1-229, MCA, provides:

> The purchaser of lands at mortgage foreclosure is not entitled to the possession thereof as against the execution debtor during the period of redemption allowed by law while the execution debtor personally occupies the land as a home for himself and his family It is unlawful to insert in any mortgage of real estate any provision intended to constitute a waiver by the owner of real estate personally occupying land as a home for himself and family of the provision of this section or any provision intended to give the mortgagee possession of the land or premises prior to foreclosure upon default of tax, principal, or interest payments. The intention hereof is to insure to such owner the possession of his

6

land prior to foreclosure and during the year of redemption.

In Federal Land Bank v. Snider (1991), 247 Mont. 508, 517, 808 P.2d 475, 481, we held that the execution debtor who personally occupied the premises as a home was not required to pay rent or income to the purchaser during the redemption period. In Snider, the execution debtors held possession of some 3000 acres of land. The Bank argued that the Sniders were only entitled to possession of the portion of the property occupied as a home and the rest of the ranch should be separated out for purposes of possession. We held in Snider that when determining possession of foreclosed property during the redemption period, there is no basis for dividing lands that the execution debtor personally occupies.

Snider held that execution debtors are entitled to personally possess the entire premises and the execution debtor need not pay rent or income to the purchaser during the redemption period. Thus, the Jordans are entitled to possession and are not required to pay rent or income to Aetna for the portion of the property that is not under lease to a third party. See also Interstate Credit Production Association v. DeSaye (1991), 250 Mont. 320, 820 P.2d 1285. We affirm the District Court's determination that Jordans would be entitled to possession of the residence.

On May 23, 1990, the Jordans leased a portion of their land to Jess and Jenny Knerrs. This lease was not before the District Court. Aetna filed a motion to supplement record before the

7

Supreme Court, attaching the Knerrs' lease. We note that under Interstate Production Credit Association v. DeSaye (1991), 250 Mont. 320, 810 P.2d 1285, the Jordans are not entitled to income if a third party is in possession of the land. We remand to the District Court for a hearing on the Knerrs' lease to determine the extent of Jordans' actual possession and determination of the rights of the parties.

III

Whether the District Court erred in granting Aetna the CRP payments covering the mortgaged premises during the redemption period when Jordans, subsequent to the mortgage, assigned their interest to a third party.

The District Court foreclosed all of Jordans' right, title and interest in and to "various grazing rights, government crop allotments, government subsidies or payments-in-kind compensation pertaining to the property." Previously a portion of the Jordans' property had been placed in CRP under contract with the federal government. The federal government was originally to make payments to the Jordans through ASCS.

The mortgage between Aetna and the Jordans grants Aetna the first security interest in CRP payments because they are government crop allotments, subsidies or payments-in-kind compensation. Under the facts as presented here, we affirm the District Court's foreclosure of Jordan's rights, title and interest in these payments in favor of Aetna.

8

For the reasons set forth above, we affirm the judgment of the District Court, and remand to the District Court for fact finding and determination of the rights of the parties as to the Knerrs' lease.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9

August 13, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

CRAIG D. MARTINSON
Attorney at Law
830 First Bank Building
303 North Broadway
Billings, MT 59101

John G. Crist
Jeffrey W. Sogard
DORSEY & WHITNEY
P.O. Box 7188
Billings, MT 59103-7188

Defendants Attorneys:

James A. Patten, Esq.
PATTEN LAW FIRM
Suite 250, Windsor Court
Billings, MT 59101

Timothy J. O'Hare
Attorney at Law
Suite 255, Montana Building
Lewistown, MT 59457

Michael B. Anderson
HOLLAND & HART
175 N. 27th St., Suite 1400
Billings, MT 59101

James L. Stogsdill
Attorney at Law
215 Bank Electric Building
Lewistown, MT 59457

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy