JUSTICE NELSON,
concurring in part and dissenting in part.
¶55 I concur in the Court’s resolution of Issues Two and Three. However, with respect to Issue One, while I agree with the Court’s ultimate conclusion that Harding waived its right to a summary judgment hearing, I dissent from the analysis proffered by the Court in support of this conclusion.
¶56 In a series of cases beginning with Cole v. Flathead County, 236 Mont. 412, 771 P.2d 97 (1989), this Court established unequivocally that (1) in the ordinary case, both the movant and the adverse party are “entitled” to a hearing on a motion for summary judgment and, therefore, a district court may not “preclude” a party from requesting oral argument nor “deny” such a request when made (unless the motion itself is denied), and (2) this right to a hearing exists unless it is “specifically waived” by all parties. Given these mandates, the admonition set forth in the District Court’s scheduling orders in the case at hand-namely, that a “[h]earing on a motion for summary judgment is deemed waived unless a written request for hearing is submitted within the time period for filing the briefs on the motion” (bold typeface omitted, emphasis added)-is of dubious propriety. Nevertheless, for the reasons set forth below, the court’s admonition is reconcilable with Cole and its progeny, though such reconciliation requires further development of Cole’s waiver rule.
*412 ¶57 Rather than take on this task, the Court elects instead to completely rewrite Cole so that it “authorize^]” the District Court’s scheduling orders. As explained below, however, we never in Cole-or in any other case, for that matter-“expressly approved” or “expressly authorized” the trial court practice of requiring parties to an action to request a summary judgment hearing or risk waiver. This brand new holding has been fabricated out of thin air by a majority of the Court today and grafted onto the Cole opinion.
¶58 In a similar vein, several of our post-CoZe cases contain misstatements of Cole’s core holdings. Yet, rather than deal with these inaccuracies forthrightly, the Court glosses over them with one sentence. Worse still, the Court purports in that one sentence to equate the misstatements in our post -Cole cases with the actual holdings in Cole, as if they all “establish” the same proposition.
¶59 Unfortunately, the inevitable result of the Court’s revisionist approach-as opposed to overruling or clarifying our precedents based on what they actually say-is a take-your-pick buffet of legal rules, which in turn creates confusion and unpredictability. It is therefore necessary to provide an independent discussion of Issue One-one which rests on the actual holdings of Cole and which also clarifies the cases containing inaccurate restatements of Cole’s holdings.
¶60 In Cole, we addressed two procedural rules relied on by the district court in granting Flathead County’s motions for summary judgment under M. R. Civ. P. 56(c). First, Rule 2 of the Montana Uniform District Court Rules (“M. U. D. C. R.”) provided that “ ‘[flailure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken.’ ” Cole, 236 Mont. at 415, 771 P.2d at 99 (some emphasis omitted) (quoting M. U. D. C. R. 2(b)). Since the Coles had not filed a responsive brief to the County’s motions within the ten days prescribed by Rule 2(b), the district court deemed this an admission that the motions were well taken and, accordingly, granted the motions.
¶61 On appeal, we observed that by relying on Rule 2(b), the district court had decided the County’s motions “on a technical point,” which was contrary to the purpose of a motion under Rule 56-namely, “to dispose promptly of actions in which there is no genuine issue of fact.” Cole, 236 Mont. at 415, 416, 771 P.2d at 99, 100. Thus, because “the essential question for the District Court in deciding a motion for summary judgment either for the plaintiff or for the defendant is whether there exists a genuine issue of material fact,” Cole, 236 Mont. at 416, 771 P.2d at 100, we held that the portion of Rule 2 which *413 deemed a party’s failure to file an answer brief within ten days as “an admission that the motion is well taken” did not apply to motions for summary judgment, Cole, 236 Mont. at 417, 771 P.2d at 100.
¶62 The second rule we addressed in Cole was a local rule adopted by the district court which stated that
unless I am satisfied that oral argument would be beneficial (in which case I may call for it, sua sponte), my practice will be to discourage this occasionally wasteful use of the Court’s (and your) time, and to require full-fledged compliance with Rule 2(c) and (d), Uniform Rules. By “full-fledged,” I mean your application for leave to present oral argument must be couched in specific terms, to show me that briefs alone are insufficient to advise me fully of your client’s contentions and all relevant points of law.
Cole, 236 Mont. at 418, 771 P.2d at 101 (some internal quotation marks omitted).
¶63 Relying on this rule, the district court had denied the Coles’ post-judgment motion to set aside the order granting summary judgment and their concomitant request for oral argument. We determined that this was error, reasoning as follows:
[UJnder Rule 56(c), a hearing is contemplated from which the district court will consider not so much legal arguments, but rather whether there exists genuine issues of material fact. Moreover, it is permissible under Rule 56 for the District Court to receive affidavits on the day of the hearing and to take oral evidence, as has been indicated above.
Cole, 236 Mont. at 418, 771 P.2d at 101.
¶64 Accordingly, based on the language of Rule 56(c) and the fact that the granting of a motion for summary judgment disposes of the action on the merits with prejudice, we held that a district court may not, by rule or otherwise, “preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied.” Cole, 236 Mont. at 418, 771 P.2d at 101 (emphases added). In addition, we further held that “unless the right to a hearing on a Rule 56 motion is specifically waived by all parties (and not waived simply by the failure to file briefs) either the movant or the adverse parties are entitled to a hearing under Rule 56 in the ordinary case.” Cole, 236 Mont. at 419, 771 P.2d at 101 (emphasis added). Finally, we made allowance for the unusual case by noting that “[t]here may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might *414 by order dispense with the necessity of a hearing.” Cole, 236 Mont. at 419, 771 P.2d at 101 (emphasis added).
¶65 Thus, we specifically established in Cole that a hearing on a Rule 56 motion is a matter of right and that inaction by itself (such as failing to file a responsive brief, as was the case in Cole) does not constitute a waiver of this right. A review of our subsequent precedents reveals that we have remained faithful to these holdings in a variety of contexts.
¶66 First, in Aetna Life Ins. Co. v. Jordan, 254 Mont. 208, 210-12, 835 P.2d 770, 772-73 (1992), we confirmed the holdings of Cole but then determined that the district court had properly reinstated its order granting summary judgment to Aetna because the Jordans had “admitted” in their brief in support of their post-judgment motions that there were “no fact questions” precluding summary judgment. Then, in Konitz v. Claver, 1998 MT 27, 287 Mont. 301, 954 P.2d 1138, we agreed with Claver that, pursuant to Rule 56 and our holding in Cole, “the parties are entitled as a matter of right to a hearing on a motion for summary judgment,” but we did not agree that the party opposing the motion is “entitled to testify without prior notice” at that hearing. Konitz, ¶ 31. Rather, we concluded that a district court’s decision whether to allow the party opposing the motion to testify is “a discretionary ruling.” Konitz, ¶ 32.
¶67 Next, in Linn v. City County Health Dept., 1999 MT 235, 296 Mont. 145, 988 P.2d 302, we first stated that “[i]n the ordinary case, the parties have a right to a summary judgment hearing unless the hearing is explicitly waived.” Linn, ¶ 8. We then noted our allowance in Cole for “the unusual case”-i.e., when under the law and the facts adduced, the movant is so “ ‘clearly entitled’ ” as a matter of law to a summary judgment that a district court might, by order, dispense with the necessity of a hearing. Linn, ¶ 8 (quoting Cole, 236 Mont. at 419, 771 P.2d at 101). Examining the facts before us to determine whether this exception applied, we concluded that the City County Health Department “was not so clearly entitled to judgment as a matter of law as to make this case the exception to the general rule that a party is entitled to a hearing before having her claim dismissed by summary judgment.” Linn, ¶ 10. We therefore reversed the district court’s grant of summary judgment in the absence of a hearing.
¶68 In Estate of Schwabe v. Custer’s Inn, 2000 MT 325, 303 Mont. 15, 15 P.3d 903, we were presented with the question of whether parties are entitled to a second summary judgment hearing. The district court had held a hearing on the parties’ cross motions for summary *415 judgment and thereafter had issued an order denying both motions. Schwabe, ¶ 52. However, four months later, after “new evidence or new materials” had arisen, the district court revisited its ruling and entered summary judgment in favor of Custer’s Inn. Schwabe, ¶¶ 52-53.
¶69 Reviewing the district court’s actions, we reaffirmed that
[a]s a general rule, an oral argument is required for summary judgment unless it is specifically waived by all parties. See Cole v. Flathead County (1989), 236 Mont. 412, 418-19, 771 P.2d 97, 101; Linn v. City County Health Dept., 1999 MT 235, ¶ 8, 296 Mont. 145, ¶ 8, 988 P.2d 302, ¶ 8. This Court has stated that a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion. See Aetna Life Ins. Co. v. Jordan (1992), 254 Mont. 208, 211, 835 P.2d 770, 772 (quoting Cole, 236 Mont. at 418, 771 P.2d at 101).
Schwabe, ¶ 55. However, a summary judgment hearing had, in fact, been held on Custer’s Inn’s motion. Thus, the issue was whether the district court was required to afford the Estate a second summary judgment hearing when the court revisited its order denying that motion. We declined to answer this question, since the Estate had neither objected to the district court’s entry of judgment without a second hearing (or adequate notice thereof) nor requested such a hearing. Schwabe, ¶¶ 56-57. We therefore concluded that the district court did not abuse its discretion when it entered summary judgment in favor of Custer’s Inn. Schwabe, ¶ 58.
¶70 Lastly, in Virginia City v. Olsen, 2002 MT 176, 310 Mont. 527, 52 P.3d 383, our most recent decision applying Cole, we were presented again with the “clearly entitled” exception previously discussed in Linn. After stating the general principle that “in the ordinary case the parties have a right to a summary judgment hearing unless the hearing is explicitly waived,” Virginia City, ¶ 15 (citing Linn, ¶ 8), we reiterated that “ ‘[t]here may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might by order dispense with the necessity of a hearing,’ ” Virginia City, ¶ 16 (alteration in original) (quoting Cole, 236 Mont. at 419, 771 P.2d at 101).
¶71 We could not, however, ascertain whether this exception applied on the facts of the case, since the district court had neither entered an order dispensing with the necessity of a hearing nor specified “with *416 sufficient particularity,” as required by M. R. Civ. P. 52(a), the grounds underlying its grant of summary judgment to Virginia City. Virginia City, ¶¶ 16-20. Furthermore, the only hearing afforded the parties had taken place before discovery was conducted or responsive pleadings were filed. Consequently, we saw “no reason in this case to depart from the general rule that a party opposing a summary judgment motion is entitled to a hearing in order to establish genuine issues of material fact pursuant to Rule 56(c), M.R.Civ.P.,” Virginia City, ¶ 23, and we concluded, accordingly, that Olsen and his co-defendant, Mason, were “entitled to a further evidentiary hearing prior to entry of a determination of the merits in this case,” Virginia City, ¶ 24.
¶72 Thus, to summarize, our cases establish that both the movant and the adverse party are “entitled” to a hearing on a motion for summary judgment, unless that right is “specifically waived” by all parties, unless the motion is denied, or unless the movant is so “clearly entitled” to summary judgment under the law and the facts adduced that the court might, by order, dispense with the necessity of a hearing. In addition, the court must specify with sufficient particularity (pursuant to M. R. Civ. P. 52(a)) the grounds underlying its ruling.
¶73 Before applying these principles to the case at hand, it is necessary to do what the Court has not: address our slight-but nevertheless significant-misstatements of Cole's waiver rule in Linn and Virginia City. First, we stated in Linn that “[i]n the ordinary case, the parties have a right to a summary judgment hearing unless the hearing is explicitly waived.” Linn, ¶ 8 (emphases added). Similarly, in Virginia City we again stated that “in the ordinary case the parties have a right to a summary judgment hearing unless the hearing is explicitly waived.” Virginia City, ¶ 15 (emphases added) (citing Linn, ¶ 8). Yet, our original statement of the waiver rule in Cole was that “unless the right to a hearing on a Rule 56 motion is specifically waived by all parties (and not waived simply by the failure to file briefs) either the movant or the adverse parties are entitled to a hearing under Rule 56 in the ordinary case.” Cole, 236 Mont. at 419, 771 P.2d at 101 (emphases added). In other words, under Cole, it is the right, not the hearing, which must be waived. Furthermore, and of particular significance in the case at hand, the right must be waived specifically, not necessarily explicitly.
¶74 The significance of this latter distinction is in the fact that an “explicit” waiver rule may be interpreted as requiring a narrower or heightened standard. In point of fact, “specific” and “explicit,” while *417 close in meaning, are not identical in meaning. “Specific” has been defined as “clearly distinguished, stated or understood,” The New Lexicon Webster’s Encyclopedic Dictionary of the English Language 954 (deluxe ed., Lexicon Publications 1992), while “explicit” has been defined as “clearly and openly stated or defined, not left to be understood,” Webster’s Encyclopedic Dictionary 333; see also Merriam Webster’s Collegiate Dictionary 409 (10th ed., Merriam-Webster 1997) (“EXPLICIT implies such verbal plainness and distinctness that there is no need for inference and no room for difficulty in understanding.”). Certainly, something which is “left to be understood” may nevertheless become “clearly... understood.” Restated, something may be “clearly . . . understood,” though it was not “openly stated.” Indeed, “implicit” has been defined as “understood though not stated.” Webster’s Encyclopedic Dictionary 486. Thus, a specific waiver is not necessarily made explicitly (though explicit waivers unquestionably are the norm). Rather, there may be narrowly-defined circumstances in which the party’s waiver is “clearly . . . understood,” though it was not “openly stated” (the case at hand being one example, as discussed below). Perhaps, then, the most pertinent definition of “specific” in this context is “free from ambiguity.” Merriam Webster’s Collegiate Dictionary 1128.[1]
¶75 Given both the distinction between “specific” and “explicit” and the fact that our use of the latter term in Linn and Virginia City was in the context of reciting established law, as opposed to engaging in a reasoned narrowing of Cole’s waiver rule, it would be inappropriate not to abide by our original “specifically waived” language. The “explicitly waived” rule in Linn and Virginia City, therefore, should be overruled. It should not be characterized as merely the equivalent of “specifically waived,” as the Court does today (see ¶¶ 34-35). (In this regard, I note that the Court provides no reasoning or authority whatsoever for the *418 proposition that “specifically” and “explicitly” mean or “establish” the same thing under our Cole jurisprudence.)
¶76 Turning now to the case at hand, it is undisputed that the District Court granted SVKVs motion for summary judgment without holding a hearing on the motion. It also is undisputed that the District Court’s decision to dispense with a hearing was not based on or supported by a determination that SVKV was “clearly entitled,” under the law and facts adduced, to summary judgment. Rather, as explained in the court’s order denying Harding’s post-judgment motion to reconsider and request for hearing, the court relied on its two scheduling orders (one issued June 24, 2002, and the other September 26, 2003), both of which stated as follows: “Hearing on a motion for summary judgment is deemed waived unless a written request for hearing is submitted within the time period for filing the briefs on the motion” (bold typeface omitted). Because “[t]he Court received no request for hearing from either party” during this time frame, it “deemed” the hearing “waived.”
¶77 Thus, the crux of the issue before us is whether Harding “specifically waived” its right to a summary judgment hearing by failing to submit a written request for a hearing within the time period for filing the briefs on SVKVs motion, as mandated by the District Court’s scheduling orders. In other words, does Harding’s inaction in the face of the court’s orders constitute a specific waiver?
¶78 It cannot be disputed that under the specific language of Cole, inaction alone does not constitute a waiver of the right to a hearing on a Rule 56 motion. Indeed, we stated that this right must be “specifically waived” by all parties, and we identified the mere “failure to file briefs” as a contrasting example of what does not constitute a specific waiver (which was apropos, given that the grant of summary judgment in Cole was based on the Coles’ failure to file a responsive brief within the time period provided by M. U. D. C. R. 2). Cole, 236 Mont. at 414, 419, 771 P.2d at 98, 101. As the Court observes at ¶ 32, however, we did not address in Cole the question of whether inaction constitutes a specific waiver where a party fails to request a hearing in the face of a requirement that it do so. For the reasons which follow, I conclude that it does.
¶79 The importance of hearings on motions for summary judgment cannot be overstated. Such hearings provide the parties with an opportunity to speak directly to and interact with the judge and to answer any questions which have arisen upon the judge’s review of the briefs. They also enable the parties to present more nuanced versions *419 of their arguments whereas briefs, by contrast, provide comparatively sterile presentations of the parties’ respective positions. In addition, because the granting of a motion for summary judgment “disposes of the action on the merits, with prejudice,” Cole, 236 Mont. at 418, 771 P.2d at 101 (emphasis added), a summary judgment hearing is the non-movant’s last chance to speak in defense of its case. Thus, as we noted in Cole, it is permissible under Rule 56 for the district court to receive additional evidence, such as affidavits and oral evidence, on the day of the hearing. Cole, 236 Mont. at 418, 771 P.2d at 101. It is for these reasons that summary judgment hearings, as opposed to most other hearings, are a matter of right.
¶80 At the same time, however, our holding in Cole that parties have a “right” to a summary judgment hearing unless it is “specifically waived” was not intended as a tool by which a party could preclude a court from ever rendering a decision on a motion for summary judgment or get a second bite at the apple (by forcing the court, post-judgment, to revisit an adverse summary judgment ruling). Thus, if a district court were to inquire of a party directly whether it will be requesting a summary judgment hearing, Cole does not sanction the party’s postponing its response indefinitely under the assumption that the court will interpret such silence as a “yes” or in the hopes of obtaining some tactical advantage. Rather, in such circumstances, the party’s failure to respond in a timely manner to the court’s inquiry must constitute a specific waiver of its right to a hearing.
¶81 This principle mandates the same conclusion with respect to the District Court’s scheduling orders. The court informed the parties that a hearing on a motion for summary judgment is “deemed waived” unless “a written request for hearing is submitted within the time period for filing the briefs on the motion.” Instructing a party in this manner that it must request a hearing within a reasonable time frame is not materially distinguishable-at least not for purposes of honoring the party’s entitlement to a hearing-from making a specific inquiry of the party as to whether it would like a hearing. Failure to respond in either situation constitutes a specific waiver.
¶82 Harding cites Schwabe, ¶ 55, for the proposition that if a district court does not obtain “express” waivers from both parties, it must schedule a summary judgment hearing. Based on this premise, Harding informs us that it was “caught off guard” by the District Court’s ruling on SVKV’s motion without first holding a hearing. Harding further explains that it “simply expected, in accordance with *420 Rule 56(c) and this Court’s prior rulings, that as a matter of course the hearing would be scheduled” (emphasis added).
¶83 But for the District Court’s scheduling orders, Harding’s assumption would have been reasonable. As it is, however, Harding’s being “caught off guard” could only be due to its failure to read those orders in their entirety. More importantly, our case law does not support Harding’s position.
¶84 To be sure, we stated in Schwabe that, “[a]s a general rule, an oral argument is required for summary judgment unless it is specifically waived by all parties.” Schwabe, ¶ 55 (emphases added) (citing Cole, 236 Mont. at 418-19, 771 P.2d at 101; Linn, ¶ 8). This was not to say, however, that an oral argument must be scheduled unless it is specifically waived. But, to the extent that the foregoing statement in Schwabe could be read in this manner, it does not constitute an intentional modification of our holdings in Cole. Rather, it is an imprecise summation of those holdings, in the same sense that our restatements of Cole’s waiver rule in Linn and Virginia City (“explicitly waived” in place of “specifically waived”) were inaccurate recitations of established law.
¶85 Again, we held in Cole that the parties are “entitled” to a hearing under Rule 56 in the ordinary case and that a district court, therefore, may not preclude a party from requesting oral argument, nor deny such a request when made (except in the unusual case or if the motion is denied). Furthermore, the parties remain “entitled” to a hearing until “the right ... is specifically waived by all parties.” Cole, 236 Mont. at 418-19, 771 P.2d at 101. However, simply because a party is “entitled” to a hearing, it does not necessarily follow that a district court must schedule one “as a matter of course.” Nothing in Cole suggests such a rule, and principles of judicial efficiency and fairness counsel against interpreting Cole in this maimer.[2]
¶86 Moreover, there is no requirement in our cases that the party’s waiver be made “express[ly]>” a term that “implies both explicitness and direct and positive utterance,” Merriam Webster’s Collegiate Dictionary 409. As explained above, a specific waiver is one which is “free from ambiguity,” Merriam Webster’s Collegiate Dictionary 1128, *421 which can be achieved, in certain narrowly-defined circumstances, without a “direct and positive utterance.”
¶87 Harding also asserts that the District Comb’s scheduling orders come within the meaning of “otherwise” as that term is used in the following passage from Cole: “a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied.” Cole, 236 Mont. at 418, 771 P.2d at 101 (emphasis added). Based on this language, Harding maintains that the court’s scheduling orders “limited [its] right to a hearing.” Yet, the court merely informed the parties that a hearing on a motion for summary judgment would be deemed waived unless a written request for hearing was submitted within the time period for filing the briefs on the motion. Certainly, this admonition neither “preclude^]” a party from requesting oral argument nor constitutes a preemptive “den[ial]” of such a request.
¶88 In sum, therefore, I conclude that a party’s failure to request a summary judgment hearing “within the time period for filing the briefs on the motion” constitutes a specific waiver of the party’s right to such a hearing where the party has been clearly, unambiguously, and timely informed of this requirement. Such are the facts of the case at hand, since Harding was apprised of the District Court’s waiver rule with respect to motions for summary judgment in the two scheduling orders, both of which were provided prior to SVEYs filing its motion for summary judgment. Accordingly, Harding specifically waived its right to a hearing by failing to request one in the allotted time frame.
¶89 As noted at the outset, the Court reaches the same conclusion, but on an entirely different basis. Specifically, the foundation of the Court’s analysis under Issue One is its manifestly incorrect statement that Cole “expressly approved” and “expressly authorized” the trial court practice of requiring parties to request a summary judgment hearing. First, the Court assumes the very conclusion it seeks to prove, asserting that “[i]n Cole, we distinguished the acceptable trial court practice of requiring parties to request an oral argument or hearing from a rule deterring or precluding a party from making such a request.” ¶ 31 (emphasis added). Of course, the Court can provide no pinpoint citation to Cole in support of the proposition that the trial court practice of requiring parties to request an oral argument or hearing is “acceptable,” because we never said this in Cole. Indeed, had we actually done so, then Issue One could be resolved with a single citation to that holding and there would be no need for the Comb’s 514 *422 pages of belabored discussion (see ¶¶ 26-36). (The Court acknowledges as much with its observation in ¶ 32 and again in ¶ 35 that we did not address in Cole or its progeny the waiver issue presented in the case at hand.)
¶90 The Court then goes on to assert more forcefully that “in Cole, we expressly approved requirements for parties to request summary judgment hearings, so long as courts do not preclude or deter such requests.” ¶ 31 (emphasis added); see also ¶ 33 (claiming that the requirement in the District Court’s scheduling orders that a party request a hearing was “expressly authorized” by Cole). Where in Cole did we “expressly approve[]” or “expressly authorize^” such requirements? Nowhere, because those were not the facts with which we were presented. Rather, as the lack of pinpoint citations following the Court’s assertions reflects, the genesis of this holding is today’s majority Opinion.
¶91 The same is also true of the Court’s reference in ¶ 35 to “our statement in Cole that a court may require parties to request hearings on summary judgment motions.” See also ¶ 32 (also referring to “the .. . statement [in Cole] that a trial court may require a party to apply for a summary judgment hearing and, absent such a request, deem the right to a hearing waived”). We never made such a statement in Cole, and it would be shocking to see one there given that the district court had not imposed such a requirement and, thus, we were not presented with facts from which to synthesize such a statement. (Indeed, the district court had a rule discouraging requests for a summary judgment hearing.)
¶92 It appears that the departure point for the Court’s flight of fancy is our quotation in Cole of a 1964 decision by the United States Court of Appeals for the Ninth Circuit. See ¶¶ 31, 32 of the Court’s Opinion. Specifically, we noted that in connection with oral argument on a Rule 56 motion under the federal counterpart, the Ninth Circuit had held as follows:
Rule[s] 56(c), 78 and 83, read together, authorize district courts to provide by a rule that a party desiring oral argument on a motion for summary judgment must apply therefore, in the absence of which oral argument will be deemed to have been waived. Such a local rule was involved, and upheld, in Bagby v. United States [(8th Cir. 1952), 199 F.2d 238].
Cole, 236 Mont. at 418, 771 P.2d at 101 (alterations in original, internal quotation marks omitted) (quoting Dredge Corporation v. Penny, 338 F.2d 456, 461-62 (9th Cir. 1964)).
*423 ¶93 To the extent this passage from Dredge Corporation is actually relevant to the issue at hand, it is worth noting that Montana’s Rules of Civil Procedure do not include a version of Fed. R. Civ. P. 78, which the Ninth Circuit cited for the following proposition:
[F]or the purpose of expediting its business, a district court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.
Dredge Corporation, 338 F.2d at 461 (citing Fed. R. Civ. P. 78). Thus, whereas the foregoing Dredge Corporation holding rested on three rules, one of which authorized district courts to “make provision by rule or order for the submission and determination of motions without oral hearing,” our decision in Cole, by contrast, rested on M. R. Civ. P. 56 alone, which contains no such authorization.
¶94 In any event, in a remarkable embellishment of Cole, the Court submits in ¶ 31 that the foregoing quote from Dredge Corporation constitutes our “express[] approv[al]” of requirements for parties to request summary judgment hearings. Yet, aside from the fact, noted above, that such requirements were not even implicated by the facts of Cole, the Court’s inference is entirely unfounded given the context in which we quoted Dredge Corporation.
¶95 Immediately preceding the quotation, we stated as follows:
[U]nder Rule 56(c), a hearing is contemplated from which the district court will consider not so much legal arguments, but rather whether there exists genuine issues of material fact. Moreover, it is permissible under Rule 56 for the District Court to receive affidavits on the day of the hearing and to take oral evidence, as has been indicated above.
Cole, 236 Mont. at 418, 771 P.2d at 101. And immediately after the Dredge Corporation quotation, we held as follows:
In view of the language of Rule 56(c), and having in mind that the granting of such a motion disposes of the action on the merits, with prejudice, a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied. Even when a party is entitled to oral argument, as a general proposition there will be general circumstances when a court may properly terminate oral argument or even dispense with it and deem the right waived.
We hold, therefore, that unless the right to a hearing on a Rule 56 motion is specifically waived by all parties (and not waived *424 simply by the failure to file briefs) either the movant or the adverse parties are entitled to a hearing under Rule 56 in the ordinary case. There may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might by order dispense with the necessity of a hearing. That, however, is not the kind of order presented to us here.
Cole, 236 Mont. at 418-19, 771 P.2d at 101 (citation omitted). Thus, notwithstanding the language oí Dredge Corporation, we adopted the stringent requirement that the right to a hearing must be “specifically” waived.
¶96 The only other explanation offered by the Court in support of its assertion that we “expressly approved” or “expressly authorized” a waiver-by-inaction rule in Cole is the fact that we acknowledged in our discussion that either of the parties could have applied for a hearing. See ¶ 31 of the Court’s Opinion; Cole, 236 Mont. at 417, 771 P.2d at 100. Yet, just because the parties “could have applied” for a hearing does not establish that we approved a policy requiring them to do so or risk waiver.
¶97 Simply stated, the Court’s analysis of Issue One rests on a cracked foundation. We could not possibly have held in Cole that a district court may require parties to request a summary judgment hearing or risk waiver, since we were not presented with such facts. Thus, Cole’s purported “express” approval and authorization of the District Court’s scheduling orders here is nothing but the imaginings of the majority in the case at hand.
¶98 For these reasons, I dissent from the Court’s flawed and incomplete analysis under Issue One. However, as explained earlier, I agree with the Court’s ultimate conclusion that Harding waived its right to a summary judgment hearing by failing to request one in the face of a clear and unambiguous requirement that it do so within the reasonable time frame provided by the District Court.

 Lest the foregoing distinction between “specific” and “explicit” be perceived as splitting hairs or a ‘battle of the dictionaries”-indeed, some dictionaries list “explicit” as one definition of “specific,” see, e.g., Black’s Law Dictionary 1434 (Bryan A. Garner ed., 8th ed., West 2004); Webster’s New World College Dictionary 1376 (Michael Agnes ed., 4th ed., Wiley Publishing 2002)-the point to be made here is this: We should not leave these two terms open to as many interpretations as there are dictionaries and district court judges in this state. Otherwise, one district court could proceed under a dictionary definition which equates “specifically” with “explicitly” (in which case a waiver that is not clearly and openly stated would be insufficient), while another could adopt a definition under which “specific” encompasses both “explicit” and “implicit” (in which case a waiver that is understood though not stated would be sufficient in certain situations), thus leading to inconsistent results based on nothing more than happenstance.

 Incidentally, the foregoing quotation from Schwabe is an incorrect restatement of the law set forth in Linn, where we stated that the right to a summary judgment hearing must be waived, Linn, ¶ 8, not that oral argument must be waived, Schwabe, ¶55